```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/29/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEKESHON NEDD,

                Plaintiff,

-against-

SOUND DESIGN ALARM INC. and
RICHARD PAPPAS,

                Defendants.

1:19-cv-08229-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff commenced this Fair Labor Standards Act ("FLSA") action in September 2019. [ECF No. 1.] Plaintiff has submitted a fully executed proposed settlement agreement and a letter requesting Court approval. [ECF Nos. 15, 17, 17-1.]

    Settlement of FLSA claims requires approval by either the Court or the Department of Labor. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). "In deciding whether to approve a stipulated settlement, the Court must scrutinize the settlement for fairness." *Boucaud v. City of New York*, No 07-cv-11098 (RJS), 2010 WL 4813784, at *1 (S.D.N.Y. Nov. 16, 2010). The settlement must reflect a "fair and 'reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Mosquera v. Masada Auto Sales, Ltd.*, No. 09-cv-4925 (NGG), 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011)). In scrutinizing a settlement for fairness, the Court considers the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

1

*Id.* (quoting *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

For the Court to evaluate a proposed settlement agreement for fairness, the parties "must provide enough information for the [C]ourt to examine the bona fides of the dispute." *Mamani v. Licetti*, No. 13-cv-7002, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014) (citation omitted). This requires information on "the nature of plaintiff's claims, . . . the litigation and negotiation process, the employers' potential exposure both to plaintiffs and to any putative class, the bases of estimates of plaintiffs' maximum possible recovery, the probability of plaintiffs' success on the merits, and evidence supporting any requested fee award." *Flores-Mendieta v. Biteford Ltd.*, No. 15-cv-4997 (AJN), 2016 WL 1626630, at *1 (S.D.N.Y. Apr. 21, 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015). If they dispute the calculation of wages owed, the parties "must provide each party's estimate of the number of hours worked and the applicable wage." *Id.* (quoting *Mamani*, 2014 WL 2971050, at *1).

Furthermore, to assist the Court in evaluating proposed attorneys' fees, "counsel must submit evidence providing a factual basis for the award." *Wolinsky*, 900 F. Supp. 2d at 336 (citation omitted). This includes "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)).

Plaintiff's submission does not provide enough information for the Court to review meaningfully the proposed settlement agreement. Plaintiff offers no information concerning, *inter alia*, the litigation and negotiation process, the likelihood of Plaintiff's success on the merits, or any disputes over calculation of wages owed. *See Mamani*, 2014 WL 2971050, at *2. In addition,

Plaintiff provides no information concerning actual attorneys' fees incurred. *See Flores-Mendieta*, 2016 WL 1626630, at *2.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request that the Court approve the proposed settlement agreement is DENIED without prejudice to renewal upon a proper showing of fairness.

IT IS FURTHER ORDERED that the parties shall submit an amended request for judicial approval of the proposed settlement agreement on or before February 18, 2021. The amended submission should address the following: the claims and defenses; whether there is a *bona fide* dispute as to the number of hours worked or the amount of compensation due; the strengths and weaknesses of Plaintiff's case and Defendants' defenses; the litigation and negotiation process; actual attorneys' fees incurred; and any other issues that might be pertinent to the question of whether the settlement is reasonable.

**SO ORDERED.**

Date:  January 29, 2021  
      New York, NY

*[signature: Mary Kay Vyskocil]*

**MARY KAY VYSKOCIL**
**United States District Judge**