# LAW OFFICE OF YURIY MOSHES, P.C.

**Please reply to our NEW YORK CITY office**

| | | |
|---|---|---|
| 322 West 48th Street, 6th FL<br>New York, NY 10036 | 111 Northfield Ave, Suite 208A<br>West Orange, NJ 07052 | 517 Brighton Beach Ave., 2nd Floor<br>Brooklyn, NY 11235 |

**Tel. (888) 445-0234 Fax: (646) 843-7570**

Yuriy Moshes, Esq.  
*Member of NJ and NY Bar.*

Gennady Litvin, Esq.  
Jessenia Maldonado, Esq.  
Junou Odige, Esq.  
*Members of NY Bar.*

February 18, 2021

**VIA ECF**
Honorable Mary Kay Vyskocil
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

    **Re:** *Nedd v. Sound Design Alarm Inc., et. al.*
          **1:19-cv-08229 (MKV)**

Your Honor:

    We represent Plaintiff Nekeshon Nedd ("Plaintiff") in the above-referenced action. We respectfully write an amended request for judicial approval of the parties' proposed settlement agreement, pursuant to the Court's order, dated January 29, 2021. We have attached the Settlement Agreement hereto as Exhibit "A." The agreement provides payment of nine thousand dollars and zero cents (**$9,000.00**), inclusive of attorneys' fees and costs. For the reasons outlined below, Plaintiff submits that the Court's approval is warranted.

## BACKGROUND

    Plaintiff filed a Complaint on September 4, 2019 asserting that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay wages for all of the hours he worked. Defendants never filed an Answer in this action.

Following ongoing discussion between both parties, a settlement agreement was reached. We have attached the fully executed agreement, and all terms and conditions have been accepted by all parties. (Ex. A).

### CLAIMS AND DEFENSES

In this case, Plaintiff claims that he was not paid minimum wage for all hours worked during his employment with Defendants.

Specifically, During the 2017 period, Plaintiff worked approximately 50 hours each week for thirty-nine (39) weeks. During that time, Defendants were required to pay Plaintiff at the minimum hourly wage rate of $10.50 and an overtime hourly rate of $15.75. Instead, Defendants only payed Plaintiff $300.00 for the first two weeks and $400.00 for the remaining weeks. Thus, Plaintiff is owed **$7,122.50** for the 2017 period.

During the 2018 period, plaintiff worked approximately 50 hours each week for fifty-two (52) weeks. During that time, Defendants were required to pay Plaintiff at a minimum hourly wage rate of $12.00 and an overtime hourly rate of $18.00. Instead, Defendants only payed Plaintiff $400.00 per week. Thus, Plaintiff and is owed **$13,520.00** for the 2018 period.

During the 2019 period, Plaintiff worked approximately 50 hours each week for sixteen (16) weeks. During that time, Defendants were required to pay Plaintiff at the minimum hourly wage rate of $13.50 and an overtime hourly rate of $20.25. Instead, Defendants only payed Plaintiff $400.00 per week. Thus, Plaintiff is owed **$5,480.00** for the 2019 period.

As such, Plaintiff alleges that Defendants owe Plaintiff a total of **$26,122.50** in violation of the FLSA and NYLL.

Defendants dispute, on a factual basis, the amount of hours that Plaintiff is claiming to have actually worked, and therefore, the computation of the claimed amount. Additionally, Defendants claim that the Plaintiff and others similarly situated, would have been characterized as tipped employees.

### STRENGTHS AND WEAKNESSES

Plaintiff's complaint has articulated the exact amount owed to him by Defendants. Additionally, Plaintiff is able to testify to the exact amount of hours he worked during the 2017 through 2019 period. Furthermore, due to Defendants' violation, Plaintiff would be entitled to liquidated damages for an equal amount of **$26,122.50**. However, Plaintiff's ability to collect on a judgment presents a weakness in his case. On July 18, 2019, Defendants' counsel sent an email articulating Defendants' inability to satisfy any judgments in this claim and attached Defendants' tax records as proof thereof.

Defendants dispute, on a factual basis, the amount of hours that Plaintiff is claiming to have actually worked, and therefore, the computation of the claimed amount. Additionally, Defendants claim that the Plaintiff and others similarly situated, would have been characterized as tipped employees.

Therefore, in light of the above disputes and risks associated thereof for both parties, the parties agreed to settle the case in order to avoid trial.

## SETTLEMENT AMOUNT

Plaintiff alleges that he is owed approximately $26,122.50 in unpaid wages for work performed during his employment with Defendants.

As such, taking into consideration the allowance of liquidated damages and attorney fees and costs, Plaintiff's best-case award would be $52,245.00. However, Plaintiff recognizes that the damages owed can decrease based on Defendants' proof of hours worked and if the Court does not award liquidated damages either pursuant to the FLSA or the NYLL. Thus, a settlement of $9,000.00, which would compensate Plaintiff for a large amount of his unpaid wages, is a fair and reasonable settlement reached through the advice of counsel and with the assistance of the Court.

## ATTORNEY FEES

In accordance with Plaintiff's professional services-contingency fee agreement with Plaintiff's counsel, the settlement agreement provides that Plaintiff's counsel will recover one-third of the $9,000.00 settlement amount, which equals $3000.00. Accordingly, Plaintiff's seeks to recover a total of $3000.00 for attorney fees and costs.

As a cross check of contingency fees, the Courts routinely look to the lodestar method. *Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F.Supp.3d 424. Plaintiff's counsel requests a lodestar of $350 an hour for Jessenia Maldonado.

By way of background, Jessenia Maldonado is a 2010 graduate of the University of the District of Columbia – David A. Clarke School of Law, admitted to the New York Bar in January 2012, the United States District Court for the Southern and Eastern Districts of New York in June 2012. Since January 2012, Ms. Maldonado worked as an employment discrimination attorney focusing almost exclusively on Plaintiff's side employment law. In January 2019, Ms. Maldonado joined the Law Office of Yuriy Moshes, P.C. as a Managing Litigation Attorney of the labor and employment litigation group.

As a Plaintiff's employment attorney, Jessenia Maldonado has appeared as an attorney of record in approximately 48 cases in the Eastern District of New York, 65 cases in the Southern District of New York, and 28 cases in the Supreme Court of the State of New York.  In the past five years, Ms. Maldonado has litigated approximately one hundred forty (140) employment discrimination cases (including FLSA wage and hour individual cases) in federal and state courts. Ms. Maldonado has also successfully tried several cases to verdict in federal courts, most notably winning a $100,000 verdict for a client who was discriminated against due to her sexual orientation, which was upheld by the district court after post-verdict motions. *See Roberts v. United Parcel Service, Inc.*, No. 13-cv-6161 (JBW) (E.D.N.Y. 2015).  In the *Roberts* case, the Honorable James Orenstein issued a Report and Recommendation as to Plaintiff's award for attorneys' fees and costs, which was adopted by the Court, in which the Court awarded Ms. Maldonado an hourly rate of $250 per hour. *See Roberts*, 13-CV-6161(JBW) (E.D.N.Y. 2015) (Docket No. 97). At that time, Ms. Maldonado was merely an associate. Further, in November 2017, the Court awarded Ms. Maldonado an hourly rate of $270 per hour. *See Weng v. Fancy Lee Sushi Bar and Grill Inc.*, No. 2:15-cv-05737 (ADS) (ARL) (E.D.N.Y. 2017). Since 2017, Ms. Maldonado has taken on

additional responsibilities and managing the firm's employment litigation group and serving as lead counsel on all employment matters.

Ms. Maldonado's requested hourly rate of $350 per hour is well within the range of hourly fees which have been upheld by the Courts in the Southern District for experienced litigators. *See, e.g.*, *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14-CV-10234 (JGK) (JLC), 2016 U.S. Dist. LEXIS 121259, at *63 (S.D.N.Y. Sep. 8, 2016) (the Court awarded attorneys' fees at a rate of $425 per hour for partner in FLSA case); *Lora v. J.V. Car Wash, Ltd.*, No. 11-CV-9010 (LLS) (AJP), 2015 U.S. Dist. LEXIS 155954, at *4-6 (S.D.N.Y. Nov. 18, 2015) (finding $500 per hour to be reasonable rate in FLSA case); *Cordova v. D & D Rest., Inc.*, 14 Civ. 8789, 2015 U.S. Dist. LEXIS 145431, at *9 (S.D.N.Y. Oct. 29, 2015) (awarding $400 per hour); *Rosendo v. Everbrighten Inc.*, No. 13-CV-7256 (JGK) (FM), 2015 U.S. Dist. LEXIS 50323, at *8 (S.D.N.Y. Apr. 7, 2015) (awarding hourly rate of $400); *Torres v. Gristede's Operating Corp.*, No. 04-CV-3316 (PAC), 2012 U.S. Dist. LEXIS 127890, at *4 (S.D.N.Y. Aug. 6, 2012), aff'd, 519 F. App'x 1 (2d Cir. 2013) (findings that hourly rates of $550 and $500 were reasonable for partners in FLSA case); *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 514 (S.D.N.Y. 2011) (approving partner's $450 hourly rate as "consistent with rates awarded by the courts in other FLSA or similar statutory fee cases."); *Scott v. City of New York*, 643 F.3d 56, 59 (2d Cir. 2011) (holding that rate of $550 per hour in FLSA case was reasonable); *Robinson v. City of New York*, No. 05 Civ. 9545 (GEL), 2009 U.S. Dist. LEXIS 89981, at *13 (S.D.N.Y. Sept. 29, 2009) (granting a request for attorneys' fees in employment retaliation case at a rate of $500 and $450 per hour for the two lead lawyers); *New York District Council of Carpenters Pension Fund v. Perimeter Interiors, Inc.*, 657 F. Supp. 2d 410, 424 (S.D.N.Y. 2009) (granting summary judgment in ERISA case and awarding $425 per hour for partners); *Simmonds v. N.Y.C. Dep't of Corr.*, No. 06-CV-5298, 2008 U.S. Dist. LEXIS 74539, at *4-5 (S.D.N.Y. Sept. 16, 2008) (awarding $425/hour to ACLU lead counsel and $425/hour to senior law firm partner in Title VII case that "did not present any unusually complicated factual or legal issues"); *Bernier v. Papagianopolous*, No. 99 Civ. 2000 (MHD), 2006 U.S. Dist. LEXIS 100001, at *1-2 (S.D.N.Y. Oct. 2, 2006) (awarding $400 per hour in attorneys' fees to lead lawyer in § 1983 action); *Ansoumana v. Gristedes Operating Corp.*, No. 00 Civ. 253, 2004 U.S. Dist. LEXIS 3754, at *3 (S.D.N.Y. Jan. 7, 2004) (approving rate of $400 an hour for experienced attorneys in FLSA case); *Raniola v. Bratton*, No. 96 Civ. 4482 (MHD), 2003 U.S. Dist. LEXIS 7199, at *6 (S.D.N.Y. Apr. 21, 2003) (finding rate of $400 per hour reasonable for solo and small firm practitioners).

In the instant case, a total of 30 hours has been rendered by her in this matter, at the rate of $350.00 per hour, for a total of ten thousand five hundred dollars (**$10,500.00**) in legal fees. Specifically, Plaintiff's counsel spent time: (1) Drafting and filing the summons and complaint, (2) Serving the Summons and Complaint; (3) Discussing the details of the complaint with Plaintiff; (4) Discussing the prospect of settlement with Plaintiff, including preparing calculations of damages and drafting a demand letter; (5) Engaging in settlement negotiations with Defendant's counsel; (6) Drafting and executing the Settlement Agreement; and (7) Preparing the present motion. Counsel also incurred a filing fee of four hundred dollars and zero cents (**$400.00**) when it filed the Summons and Complaint with this Court. Accordingly, the attorney's fees and costs are equal to a total amount of **$10,900.00**.

Thus, the contingency amount of $3000.00 (including costs) is less than the lodestar amount.

## THE SETTLEMENT SHOULD BE APPROVED

The standard for approval of FLSA settlement is well-established in the Second Circuit. As stated in the Report and Recommendation adopted by the Court in *Serebryakov v. Golden Touch Transp. of NY. Inc.:*

> When deciding whether to approve a motion for settlement of individual FLSA claims, the Court considers whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching. In the absence of a certified class, a district court typically considers the following factors to determine whether a settlement of individual FLSA claims is reasonable: (1) the complexity, expense, and likely duration of litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of defendants to withstand a larger judgment; and (6) the range of reasonableness in light of the best possible recovery and all the risks of litigation.

No. 12 Civ. 3990 (NGG)(RER), 2013 WL 3364393, at *2 (E.D.N.Y. 2013) (Garaufis, J) (citations and internal quotation marks omitted); *see also. e.g.. Calle. et al. v. Elite Specialty Coatings Plus, Inc., et al.,* No. 13 Civ. 6126 (NGG)(VMS), 2014 WL 6621081, at *2 (E.D.N.Y. 2014) (evaluating and approving a settlement using the above factors as well as comparing the settlement amount to counsel's lodestar); *Jn re Penthouse Executive Cluh Comp. Litig.,* No. 10 Civ. 1145 (KMW), 2014 WL 185628, at *7 (S.D.N.Y. 2014) (citing *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353-54 (11th Cir. 1982) ("Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes."); *Tiro v. Public House Investments. LLC,* Nos. 11 Civ. 7679 (CM), *et al,* 2013 WL 4830949, at *JO (S.D.N.Y. 2013) (citing *Johnson v. Brennan,* No. 10 Civ. 4712 (CM), 2011 WL 4357376, at *12 (S.D.N.Y. 2011); *Lynn's Food Stores,* 679 F.2d at 1353-54) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement, and approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes."); *Yuzmy v. HSBC USA. N.A.,* No. 12 Civ. 3693 (PGG), 2013 WL 5492998, at *7 (S.D.N.Y. 2013) (citing *Lynn's Food Stores,* 679 F.2d at 1354; *McMahon v. Olivier Cheng Catering & Events. LLC,* No. 08 Civ. 8713 (PGG), 2010 WL 2399328, at *6 (S.D.N.Y. 2010)) ("If the proposed FLSA settlement reflects a reasonable compromise over contested issues, it should be approved."): *Diaz v. Scores Holding Co., Inc.,* No. 07 Civ. 8718 (THK), 2011 WL 6399468, at *2 (S.D.N.Y. 2011) ("Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bonafide* disputes. Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, courts will approve the settlement".) (citations omitted); *Hens v. Clientlogic Operating Cm1J.,* No. 05 Civ. 381S (WMS), 2010 WL 5490833, at *2 (W.D.N.Y. 2010) (approving FLSA – not Rule 23 – settlement where the

5

proposed settlement resolved contested litigation in a *bona fide* dispute, and was the product of lengthy, vigorous arm's length negotiations between experienced counsel.)

Based on the above, the proposed settlement, which provides for a payout of $9,000.00 and was the result of hard fought and arm's-length negotiations between experienced counsel, is fair and should be approved. Further litigation would have required both parties to invest substantial time and expenses and face a risky trial. While Plaintiff believes he will ultimately prevail on his claims, he acknowledges that he faces significant risks to establish damages, and that Plaintiff is entitled to liquidated damages under the FLSA and NYLL. Based on the above, the $9,000.00 settlement falls within the range of reasonableness in light of the best possible recovery and all the risks of litigation, and should be approved. *See, e.g., Calle,* 2014 WL 6621081, at *3-4 (declaring the settlement agreement fair and reasonable and approving it).

Respectfully Submitted,

**LAW OFFICE OF YURIY MOSHES, P.C.**

/s/ Jessenia Maldonado
Jessenia Maldonado, Esq.
*Attorneys for Plaintiff*
517 Brighton Beach Ave, 2nd Floor
Brooklyn, New York 11235
jmaldonado@mosheslaw.com
(718) 504-6090

**Electronically Submitted to:**
Douglas P. Catalano, Esq.
*Attorney for Defendants*
350 Fifth Avenue, 61st Floor
New York, New York 10118
dpcatalano@cbdm.com
(212) 687-7410